UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Plaintiff,                        No. C 13-5035 PJH (PR)

  vs.                                 **ORDER DENYING MOTIONS**

GREG MUNKS, et. al.,

    Defendants.

                                   /

     Plaintiff, a pretrial detainee incarcerated at Maguire Correctional Facility has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court ordered service on plaintiff's amended complaint and service is currently being effectuated. The court found a cognizable claim that two defendants improperly removed plaintiff from his Halal religious diet. The court also found that plaintiff's retaliation claim failed to state a claim. Plaintiff has since filed motions for relief from judgment, to amend, for a temporary restraining order, for a ruling on the temporary restraining order and for an enlargement of time for service.

     Plaintiff has filed several motions that seek to amend to present his retaliation claim. Plaintiff was already allowed leave to amend once in this case and plaintiff has filed 14 other cases in the last several months and has repeatedly been informed what is required to present a cognizable claim. Simply that plaintiff filed grievances and was later removed from his religious diet does not demonstrate causation to show retaliation. While it is not clear, but based on plaintiff's many filings it appears he filed several grievances because he did not approve that other inmates were allowed to prepare Halal meals so he was moved to the vegetarian diet and then to a different diet and then back to the Halal diet. Based on

plaintiff's own allegations it seems that defendants were attempting to work with plaintiff, not retaliate against him or violate his religious beliefs.  Regardless, the court ordered service to further develop the religious diet claim in an effort to protect his rights.  His motions seeking leave to amend and relief from judgment are denied.

Plaintiff has also filed a motion for temporary restraining order.  "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'"  *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  The standard for issuing a TRO is similar to that required for a preliminary injunction.  *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

The crux of plaintiff's motion is that various other inmates are putting things into his food before it is served to him and certain inmate food servers are not medically cleared to be preparing food.  Plaintiff also states that some inmates who handle food are gang members, informants, rapists and child molesters.  Ultimately, plaintiff seeks for the court to order certain inmates to be removed from their jobs.  The relief plaintiff seeks is not appropriate in a motion for a temporary restraining order nor does it appear that the named defendants in this action, a dietician and chaplain, could provide the necessary relief.  The motion is denied.

With respect to plaintiff's request for an extension to serve defendants, plaintiff is informed that the US Marshal was ordered to serve defendants.  If defendants are not served in the required time, the court will take further action.

**CONCLUSION**

Plaintiff's motions for relief (Docket Nos. 19, 20, 21, 23, 24, 25) are **DENIED**.

**IT IS SO ORDERED.**

Dated: May 7, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Hollins5035.ord.wpd