UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MICHAEL HOLLINS,

    Plaintiff,

v.

GREG MUNKS, et. al.,

    Defendants.

No. C 13-5035 PJH (PR)

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This is a civil rights case brought pro se by a prisoner. His claims arise from his detention at Maguire Correctional Facility. Plaintiff alleges that he was denied a Halal religious diet and the court ordered service on defendants Chu and Murray. Defendant Chu, the sole served defendant, filed a motion for summary judgment on May 22, 2014, asserting that there are no undisputed material facts and that plaintiff has failed to exhaust his administrative remedies. Plaintiff has not filed an opposition or otherwise communicated with the court since being provided an extension to August 6, 2014, to file an opposition.[1] For the reasons set forth below, the motion for summary judgment is granted.

**DISCUSSION**

**Motion for Summary Judgment**

    **A.    Standard of Review**

Summary judgment is proper where the pleadings, discovery and affidavits show

---

[1] Plaintiff proceeds with six different actions in the court and has not responded to motions or orders in any of his cases that require a response. Mail sent to plaintiff at Maguire Correctional Facility has been returned to the court as undeliverable since August 2014, because jail officials report that plaintiff is no longer in custody. *See, e.g.*, *Hollins v. Munks*, No. C 13-6013 PJH (PR).

that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id.*

### B. Religious Diet

Section 3 of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). The statute applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." 42 U.S.C. § 2000cc-1(b)(1).

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). A prisoner is not required to objectively show that a central tenet of his faith is

burdened by a prison regulation to raise a viable claim under the Free Exercise Clause. *Id.* at 884-85. Rather, the sincerity test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free Exercise Clause applies. *Id.* (finding district court impermissibly focused on whether consuming Halal meat is required of Muslims as a central tenet of Islam, rather than on whether plaintiff sincerely believed eating kosher meat is consistent with his faith). The prisoner must show that the religious practice at issue satisfies two criteria: (1) the proffered belief must be sincerely held and (2) the claim must be rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884).

**C.     Facts**

The following of defendant's facts are undisputed based on a review of the record and because plaintiff has not filed an opposition. Plaintiff was booked into the Maguire Correctional Facility on November 5, 2012. Motion for Summary Judgment ("MSJ") at 4. On March 8, 2013, plaintiff completed a request to receive a Muslim Halal religious diet and filed an inmate grievance about not receiving the diet on March 14, 2013. *Id.* From March 17 to March 20, 2013, plaintiff was put on a special ovo-lacto vegetarian diet while jail officials processed his request. *Id.* Plaintiff began receiving a religious diet on March 21, 2013. *Id.* at 5. Plaintiff did not further appeal the religious diet issue in the inmate grievance system. *Id.* at 5.

As a result of a disciplinary finding, plaintiff was placed on a disciplinary diet for nine days in June 2013. *Id.* at 5. The disciplinary diet is compliant with a Halal diet. *Id.* Aside from these nine days, plaintiff received his requested diet from March 21, 2013, to September 5, 2013, when he was transferred to Napa State Hospital. *Id.* When plaintiff returned to the Maguire Correctional Facility on September 17, 2013, he was again provided a religious diet. *Id.* at 6.

Defendant dietician Chu does not have the authority to grant or deny a religious diet request. MSJ, Chu Decl. at 2. Chu's responsibilities do include the development of

procedures for the preparation of religious meals to avoid contamination. *Id.*

### D. Analysis

#### i. Defendant Chu

The undisputed facts establish that plaintiff was not denied a religious diet by defendant Chu or any individual at the Maguire Correctional Facility. Plaintiff was provided the religious diet approximately two weeks after his request and was placed on a compliant vegetarian diet while the request was being processed. It is also undisputed that defendant Chu does not have the authority to grant or deny a religious diet; thus, Chu had no personal involvement and cannot be liable for a § 1983 violation. Regardless, there was no constitutional deprivation because plaintiff was provided the religious diet. To the extent that there was a delay of one to two weeks, and he was placed on a vegetarian diet while the request was processed, Chu is also entitled to summary judgment. For all these reasons, summary judgment is granted for defendant Chu.[2]

#### ii. Unserved Defendant

The other defendant in this action, Chaplain Murray, has not yet been served. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."). Defendant Murray will be dismissed from this action because plaintiff was

---

[2] As the court has not found a constitutional violation, the argument that plaintiff failed to exhaust his administrative remedies will not be addressed.

4

provided a religious diet and the undisputed facts demonstrate there was no constitutional violation. It would be a waste of limited resources for the United States Marshal to continue to attempt to serve this defendant, especially as plaintiff has not filed an opposition or otherwise communicated with the court regarding any of his cases.

## CONCLUSION

1. The motion for summary judgment (Docket No. 36) is **GRANTED**.

2. Unserved defendant Murray is **DISMISSED** from this action.

3. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 29, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Hollins5035.sj.wpd